Filed 4/24/23  P. v. Arce CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B320920 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA104936) |
| v. | |
| IRVIN ARCE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Affirmed.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**INTRODUCTION**

In 2019, defendant Irvin Arce was convicted by jury of a variety of crimes, including premeditated attempted murder. After we affirmed the judgment in his direct appeal, defendant filed a petition for writ of habeas corpus, which the trial court treated as a petition for resentencing under Penal Code former section 1170.95 (now section 1172.6), based on changes to the law of murder made by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437).[1] The court found defendant ineligible for relief, and defendant appeals from that order.

Defendant's appellate attorney filed a *Wende*[2] brief in which she raised no issues and asked us to review the record independently to determine whether any arguable claims of error exist. Although defendant would not normally be entitled to independent *Wende* review in this matter, a search of our files indicates that we provided him with insufficient notice that his appeal could be dismissed if he did not file a supplemental brief. Because of this error, we exercise our discretion to review the record independently. Nevertheless, our independent review of the record has revealed no arguable appellate issues, and we affirm.

**BACKGROUND**

According to our opinion in defendant's direct appeal, of which we take judicial notice, defendant cut the power to the apartment he shared with his girlfriend—who had a 10-year domestic violence restraining order against him—then repeatedly stabbed her aunt and the aunt's boyfriend when they

---

[1]    All undesignated statutory references are to the Penal Code.

[2]    *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

2

tried to come to her aid. (*People v. Arce* (Aug. 18, 2020, B296720) [nonpub. opn.], pp. 3–5.) The aunt suffered "too many [stab wounds] to count," which caused a collapsed lung and liver damage. (*Id*. at pp. 5–6.) The boyfriend suffered 17 stab wounds and a broken left arm; he required massive blood transfusions to replace his entire blood volume. (*Id*. at p. 6.) Defendant fled the state and had to be extradited from Oregon. (*Id*. at p. 5, fn. 3.)

In 2019, after a jury trial at which he claimed self-defense, defendant was convicted of two counts of attempted murder (§§ 664/187, subd. (a); counts 1, 2), one count of cutting a utility line (§ 591; count 3), and one count of disobeying a domestic relations court order (§ 273.6, subd. (a); count 4). As to count 1, the jury found true the allegation that defendant attempted to commit a willful, deliberate, and premeditated murder (§ 664, subd. (a)). As to both counts of attempted murder, the jury found true the allegations that defendant personally used a deadly and dangerous weapon, to wit, a knife, and personally inflicted great bodily injury (§§ 12022, subd. (b)(1), 12022.7, subd. (a)). In a bifurcated proceeding, defendant admitted he had been convicted of robbery as a minor, which constituted a prior strike (§§ 667, subd. (d), 1170.12, subd. (b)). The court denied defendant's motion to strike the juvenile conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 and sentenced him to an aggregate prison term of 28 years four months, plus 14 years to life. We affirmed by unpublished opinion. (*People v. Arce, supra*, at p. 18.)

Defendant next filed a petition for writ of habeas corpus in the trial court. The court deemed that filing a petition for resentencing under former section 1170.95, now section 1172.6, appointed counsel to represent defendant, and received briefing. After a hearing at which defendant was not present and defense counsel conceded that he was both the only participant

and the person who did the actual stabbing, the court found defendant ineligible for relief under former section 1170.95, subdivision (a).

Defendant filed a timely notice of appeal, and we appointed counsel to represent him. On December 19, 2022, appellate counsel filed a brief in which she raised no issues and asked us to review the record independently under *Wende*, *supra*, 25 Cal.3d 436. The following day, we notified defendant that his attorney had failed to find any arguable issues and that he could submit by brief or letter any arguments he wanted this court to consider. We have not received a response.

## DISCUSSION

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] In addition to substantively amending sections 188 and 189 . . . , Senate Bill 1437 added [former] section 1170.95 [now section 1172.6], which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)

Recently, our state Supreme Court held that there is no right to *Wende* review in section 1172.6 appeals and established a procedural framework to follow when appellate counsel finds no arguable issues. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221–222 (*Delgadillo*).) Under *Delgadillo*, if appointed counsel files a no-issues brief in a section 1172.6 appeal, we must send the defendant a copy of counsel's brief along with a notice informing him of "the

4

right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter. [Citations.]" (*Id*. at pp. 231–232.) Our subsequent actions depend on whether the defendant responds.

If the defendant "files a supplemental brief or letter," we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo, supra*, 14 Cal.5th at p. 232.) We are not required to conduct "an independent review of the entire record to identify unraised issues." (*Ibid*.) If the defendant does not file such a letter or brief, however, we may treat the appeal as abandoned and dismiss it. (*Ibid*.)

In this case, appointed counsel filed a no-issue brief under *Wende, supra*, 25 Cal.3d 436 the same day that the Supreme Court issued *Delgadillo, supra*, 14 Cal.5th 216. The next day, we sent defendant a notice indicating that his counsel had filed a brief raising no arguable issues. We invited him to file a supplemental brief under *Wende*. This notice was insufficient.

As *Delgadillo* explained, defendant "reasonably could have concluded from" the notice we sent him "that the *Wende* procedures would apply and that [we] would conduct an independent review of the record, even absent a supplemental brief. . . . The notice further did not inform [defendant] that the appeal would be dismissed as abandoned if no supplemental brief or letter were filed." (*Delgadillo, supra*, 14 Cal.5th at p. 233.) Because we provided defendant with insufficient notice in this case, we exercise our discretion to review the record independently under *Wende, supra*, 25 Cal.3d 436. (*Delgadillo,* at p. 233 & fn. 6 [emphasizing "the decision to conduct independent review is solely up to the discretion of the Courts of Appeal," but choosing to conduct such review where appellate court provided insufficient notice].)

We have examined the entire record, and are satisfied appellate counsel has fully complied with her responsibilities and no arguable issues exist in the appeal before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *Wende, supra,* 25 Cal.3d at pp. 442–443.)

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


DAUM, J.[*]

WE CONCUR:


CURREY, Acting P. J.


COLLINS, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.